UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOSEPH LATHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:25-cv-158-GSL-AZ |
| ) | |
| DIRECT AUTO and LITCHFIELD & ) | |
| CAVO/PATRICK RUBERRY, ) | |
| ) | |
| Defendants. ) | |

**FINDINGS, REPORT, AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Defendants' motions to dismiss. Defendants Patrick Ruberry and Litchfield Cavo LLP[1] filed a motion to dismiss [DE 11] on June 3, 2025, and Defendant Direct Auto Insurance ("Direct Auto") filed a motion to dismiss [DE 13] on June 12, 2025, which "adopts and restates the Memorandum of Law filed by Co-Defendants," *see* DE 13 at 1. After these motions were fully briefed, they were referred to me by the presiding District Court Judge on September 30, 2025, for a report and recommendation. *See* DE 24.

This Report constitutes the Court's proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court **RECCOMMENDS** that District Court Judge Gretchen S. Lund **GRANT** the

---

[1] Plaintiff sued "Litchfield & Cavo/Patrick Ruberry." As the Court understands it, Ruberry was Plaintiff's lawyer hired by Direct Auto Insurance and Litchfield Cavo LLP was the law firm with which Ruberry practiced law at all relevant times.

Defendants' motions to dismiss and **DISMISS** the case because the Court lacks subject matter jurisdiction.

## Background

Plaintiff Joseph Latham is suing his car insurance company (Direct Auto), his former attorney (Patrick Ruberry), and the law firm that attorney worked for (Litchfield Cavo LLP) relating to an underlying state court case than stemmed from a car crash involving Plaintiff and at least one other driver named Mara Melero. DE 1 (Pl.'s Pro Se Compl."). That state court case was filed in the Superior Court of Lake County, Indiana. *See* DE 1 at 6. And while Plaintiff's complaint does not provide much detail, it is clear that he is unhappy with how that case turned out. In his complaint he says that Melero counter-claimed against him and received more favorable treatment than him by the state court. DE 1 at 6. As for Direct Auto, Plaintiff alleges that as his insurer, the company breached his insurance contract in bad faith by failing to defend him at the trial. *Id.* at 5. He further stats that Ruberry, the attorney hired for him by Direct Auto, "did not show fully for pre-trial" and failed to appear for the trial in the case. *Id.* at 4. Plaintiff says this resulted in him having to defend the underlying state court car crash case pro se and having a judgment entered against him on Melero's counterclaim. The Court construes the allegations against Ruberry and Litchfield Cavo as one for legal malpractice, and the claim against Direct Auto as one for bad faith breach of contract, both state law actions. Latham further states in his complaint that he "experienced discrimination and racism in and [out] of the courtroom," *id.* at 3, but he does seek any recovery from that allegation beyond his

2

claims against Direct Auto, Ruberry and Litchfield Cavo relating to his representation in the state court action.

Next, while the Court primarily draws upon the well-pleaded allegations in Plaintiff's complaint at this stage of the litigation, Defendants have provided additional information that clarifies the underlying state court proceedings. Specifically, Defendants have provided certain motions and orders from the state court proceedings which shed some light on what events transpired in that case. And while typically a motion to dismiss is decided only on the allegations contained in the pleadings, "[a] court may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned." *Ennenga v. Starns*, 677 F.3d 766, 773–74 (7th Cir. 2012). "The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records." *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997). "Taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment." *Ennenga*, 677 F.3d at 773. In an "Order on All Pending Motions" dated May 17, 2023, and signed by Judge Bruce D. Parent of the Superior Court of Lake County, Indiana, the court vacated the judgment against Plaintiff that had been entered after trial on April 4, 2023. *See* DE 12-4 (5/17/2023 State Court Order) at ¶¶ 13-17. This was done after Ruberry provided Melero's counsel with a settlement agreement she had signed prior to trial which released her claims against Latham but which her attorney and the state court were

3

unaware of at the time of trial. From what the Court can gather, there was a wholesale failure to communicate between Plaintiff and his attorney Ruberry, between Ruberry and counsel for Melero, between Melero and her attorney, and between all parties and the state court that resulted in an unnecessary trial.

Regardless of what exactly transpired, these records fit squarely within the definition of public records which the Court may take judicial notice "of the indisputable facts that those documents exist, they say what they say, and they have had legal consequences," but not "as proof of disputed facts in any other sense." *Indep. Tr. Corp v. Steward Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012). The Court thus takes judicial notice of the fact that the judgment that was entered against Latham on Melero's counterclaim in the state court proceedings was subsequently vacated once the state court was informed that Melero had settled prior to the trial and released her claim against Latham.

## Analysis

To survive a motion to dismiss, a "complaint must contain allegations that collectively 'state a claim to relief that is plausible on its face.'" *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 821 (7th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court will "accept all well-pleaded allegations of fact as true and draw all reasonable inferences in the plaintiffs' favor." *Alarm Detection Sys.*, 930 F.3d at 821. But "[l]egal conclusions," such as boilerplate assertions that Defendants violated Plaintiff's rights, "do not get the same benefit"; and the Court can disregard those. *Id.* (citing *McCauley v. City of Chicago*, 671 F.3d

4

611, 616 (7th Cir. 2011)). "If the well-pleaded allegations plausibly suggest—as opposed to possibly suggest—that the plaintiffs are entitled to relief, the case enters discovery," otherwise "dismissal is appropriate." *Id.* (citations omitted).

But before the Court can address the substance of Plaintiff's allegations and determine whether they state a claim, the Court must address Defendants' argument that this Court lacks subject matter jurisdiction over the dispute between Latham on the one hand and Auto Direct, Ruberry, and Litchfield Cavo on the other. Because "the first and fundamental question" in federal litigation "is that of jurisdiction," the Court must decide that issue before proceeding further. *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900); *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) ("[T]he Supreme Court has long instructed, federal courts, as courts of limited jurisdiction, must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction."). Only if the Court is satisfied that it has jurisdiction over the dispute, can it exercise it by weighing in on the merits and substance of the allegations. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quoting *Ex parte McCardle,* 7 Wall. 506, 514, 19 L.Ed. 264 (1868)).

"Federal district courts are courts of limited jurisdiction; '[t]hey possess only that power authorized by Constitution and statute.'" *Smart v. Loc. 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009) (quoting *Exxon Mobil Corp. v.*

*Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005)). "Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal question and cases in which there is diversity of citizenship among the parties." *Id.* (citing 28 U.S.C. §§ 1331–32). Thus, unless Plaintiff's complaint falls into one of those two categories, his action must be dismissed for lack of jurisdiction.

The Court will address federal question jurisdiction first. While Plaintiff's complaint makes reference to "due process" violations, "discrimination" and having his "human and civil and constitutional rights violated" by not having Direct Auto supply him with an attorney at his trial, *see* DE 1 at 2, mere mention of such words does not on their own confer federal question jurisdiction. *E.g., Bennett v. Robinhood Fin. LLC*, 2025 WL 1079547, at *2 (N.D. Ill. Apr. 10, 2025) (denying to vacate dismissal of lawsuit for lack of jurisdiction where complaint only made "mere reference to a federal statute, wholly devoid from any factual allegations"). And Plaintiff's claims (for legal malpractice and breach of contract) against Defendants sound in Indiana state law, not federal law.

Furthermore, unlike in criminal cases, there is no constitutional or federal statutory right to an attorney in civil proceedings like Latham's state court case. *See Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) ("…civil litigants do not have a constitutional or statutory right to counsel…"). Nor are there any factual allegations that Ruberry, Litchfield Cavo or Direct Auto engaged in any sort of discrimination against Plaintiff that would be covered by federal law. Instead, at most, Plaintiff's allegations seem to suggest that the state court discriminated against him in some

undefined way. But he has not (and likely could not) sue the state court or state court judge who oversaw his case, as judges are typically absolutely immune from being sued for their official judicial acts. *See Forrester v. White*, 484 U.S. 219, 225 (1988) ("As a class, judges have long enjoyed a comparatively sweeping form of immunity, though one not perfectly well-defined."); *id.* ("judicial immunity … [protects] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants").

That leaves diversity of citizenship as the sole basis by which Plaintiff may bring his case in this Court. Federal diversity jurisdiction has two requirements. First, the action must be between "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state," and second, the "amount in controversy" must be more than $75,000. 28 U.S.C. § 1332(a). Plaintiff cannot satisfy either of these requirements. Plaintiff admits (as he must) that both he and at least one Defendant are citizens of Illinois and are not diverse.[2] In his response to Defendants' motion, Plaintiff concedes that both he and Ruberry are both citizens of Illinois but

---

[2] Litchfield Cavo LLP is a limited liability partnership. Attached to Ruberry's Motion to Dismiss is an unsigned "Affidavit of Jason E. Hunter," who is the General Counsel of Litchfield Cavo LLP. *See* DE 12-3. In that affidavit, it notes that Litchfield Cavo is a business entity registered in the state of Illinois. But like Plaintiff's arguments regarding where the events of his underlying lawsuit took place, that is legally irrelevant to the determination of federal diversity subject matter jurisdiction. A limited liability partnership's citizenship for purposes of diversity jurisdiction is the citizenship of all of its members. *Carden v. Arkuma Assocs.*, 494 U.S. 185, 188 (1990). Thus, a limited liability partnership can be the citizen of multiple states or event no state at all. Regardless, even if one of the partners of Litchfield & Cavo LLP was a citizen of somewhere other than Illinois, it would not matter because diversity jurisdiction generally requires *complete diversity* between the parties which means that no plaintiff may be the citizen of the same state as *any* defendant. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Thus, the fact that Plaintiff and Defendant Ruberry are citizens of Illinois eliminates diversity of citizenship as a basis for federal subject matter jurisdiction in this case.

states that his underlying state case "had to be heard in Indiana" presumably because the car accident at issue took place in Indiana. DE 17 at 6. But while the site or location of underlying conduct or events at issue are relevant for purposes of federal venue, *see* 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in…a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…"), that is not a relevant consideration for determining whether a federal court has subject matter jurisdiction. Instead, all that matters is the citizenship of the parties. Furthermore, even if the parties were completely diverse, the Court has serious doubts that Plaintiff can satisfy the amount in controversy here. Attached to Plaintiff's complaint is a letter addressed to Direct Auto that makes reference to his damages being in the nature of $25,000, DE 1 at 5, which is far below the required $75,000 threshold.

Because the Court is recommending dismissal of Plaintiff's case for a lack of federal subject matter jurisdiction, it will not further elaborate on the substance or merits of Plaintiff's allegations. Those must be addressed by a court that has the power to decide those issues.

## Conclusion

For the reasons discussed, the Court **RECOMMENDS** that District Court Judge Gretchen S. Lund **GRANT** Defendants' motions to dismiss [DE 11, 13] and **DISMISS** this case without prejudice for lack of subject matter jurisdiction.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14)

8

days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. Failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. 28 U.S.C. § 636(b)(1); *Est. of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 516 (7th Cir. 2007); *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994).

So ORDERED on this 29th day of October 2025.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT